IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| JUSTINE V. R. RUSSELL, Personal Representative for the Estate of Roger Milliken,<br><br>        Plaintiff,<br><br>    v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>        Defendant. | Case No. 2:13-cv-00163-SU<br><br>FINDINGS AND RECOMMENDATION |

SULLIVAN, Magistrate Judge:

Justine V. R. Russell, personal representative for the Estate of Roger Milliken ("plaintiff"), filed this action against Liberty Mutual Insurance Company ("defendant") alleging claims for breach of contract and common law bad faith breach. Pursuant to Fed. R. Civ. P. 12(b)(6), defendant moves to dismiss plaintiff's common law bad faith breach claim. For the reasons discussed below, defendant's motion should be granted.

### Background

On January 1, 1976, Milliken and defendant entered into a contract of insurance ("the Contract"), pursuant to which defendant agreed to defend Milliken against any suit or enforcement

1      - FINDINGS AND RECOMMENDATION

action. Am. Compl. at ¶ 15. Defendant renewed the Contract twice, on January 1, 1977 and February 1, 1986. *Id.* at ¶¶ 11-13. Upon Milliken's death, defendant's duty to defend extended to his estate. *Id.* at ¶ 15.

On March 21, 2011, plaintiff received two notice and demand letters from the United States Department of Agriculture ("USDA"), as a former or present owner/operator of various mines, asserting potential liability under the federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9626. *Id.* at ¶ 7. On November 1, 2011, the USDA filed a Statement of Creditor's Claim in the Probate Court for the State of South Carolina, County of Spartanburg, asserting claims against plaintiff arising from "the ownership and/or operation by Roger Milliken of" these mines. *Id.* at ¶ 9. The USDA alleged that plaintiff was liable for failing to pay money owed in the CERCLA action. *Id.* at ¶ 15.

On June 17, 2011, plaintiff tendered defense of the CERCLA action to defendant. *Id.* at. ¶ 16. On May 1, 2012, defendant denied plaintiff's tender. *Id.* at ¶ 17. Plaintiff has subsequently incurred substantial costs defending the CERCLA action. *Id.* at. ¶ 21.

On May 15, 2012, plaintiff filed a complaint against defendant in Oregon state court. Thereafter, defendant removed plaintiff's case to this Court based on diversity of citizenship in conformity with 28 U.S.C. § 1332. On March 5, 2013, plaintiff filed a First Amended Complaint. On March 19, 2013 defendant filed a Motion to Dismiss plaintiff's second claim for relief, for common law bad faith breach. The Court heard oral argument on May 31, 2013.

## Standard of Review

Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief may be granted. To survive a motion to dismiss, the complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). For the purpose of a motion to dismiss, the court must accept as true all of the factual allegations in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983). However, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009). Rather, to

state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

## Discussion

The parties agree that plaintiff's second claim for relief lies in tort. Defendant argues that a claim for tortious bad faith breach is not cognizable under Oregon law under the circumstances presented in the case at bar. *See* Def.'s Mem. in Supp. of Mot. Dismiss 1. Plaintiff argues that her second claim for relief is a cognizable tort claim where a duty of care exists independent of the terms of the Contract. *See* Pl.'s Resp. to Mot. Dismiss 5-9. Plaintiff argues that this duty of care exists under Oregon common law and the Oregon Environmental Cleanup Assistance Act ("OECAA"), Or. Rev. Stat. §§ 465.478, 465.480. Plaintiff maintains that the existence of such a duty should not be decided on the pleadings. *Id.* at 3-4. In support of these contentions, plaintiff cites to *Georgetown Realty, Inc. v. Home Ins. Co.*, 313 Or. 97, 831 P.2d 7 (1997); *Boyer v. Salomon Smith Barney*, 344 Or. 583, 595, 188 P.3d 233 (2008); and Or. Rev. Stat. §§ 465.478, 465.480.[1] *Id.* at 3-8.

First, plaintiff's second claim for relief must be examined under Oregon law, where the alleged tort occurred. *See Molsenbergen v. United States*, 757 F.2d 1016, 1020 (9th Cir.), *cert. denied*, 106 S.Ct. 30 (1985). "When a decision turns upon applicable state law, and the state's highest court has not adjudicated the issue, the district court must make a reasonable determination, based upon such recognized sources as statutes, treaties, restatements and published opinions, as to the result that the highest state court would reach if it were deciding the case. *Id.* (citations omitted).

In *Georgetown*, the Oregon Supreme Court established when a tort action may be maintained between contracting parties:

> When the relationship involved is between contracting parties, and the gravamen of the complaint is that one party caused damage to the other by negligently performing its obligations under the contract, then, and even though the relationship between the parties arises out of the contract, the injured party may bring a claim for negligence if the other party is subject to a standard of care independent to the terms of the

---

[1] These statutes specify that "Oregon has a substantial public interest in promoting the fair and efficient resolution of environmental claims while encouraging voluntary compliance and regulatory cooperation," and establish rules of construction for the remediation of such claims. *See* Or. Rev. Stat. §§ 465.478, 465.480.

3    - FINDINGS AND RECOMMENDATION

> contract. If the plaintiff's claim is based solely on a breach of a provision in the contract, which itself spells out the party's obligations, then the remedy normally will be only in contract, with contract measure of damages and contract statutes of limitation. That is so whether the breach of contract was negligent, intentional, or otherwise.

*Georgetown*, 313 Or. at 106.

Thus, one party to a contract can sue another party to the contract in tort if "the allegedly negligent party is subject to a standard of care independent of the terms of the contract," such as where a special relationship exists. *Id.* at 104, 110 (citation omitted). Subsequent cases interpreting *Georgetown* hold that, in order for tort remedies to be available in an insurance contract case, a defendant insurer must actually commence defense proceedings. *See, e.g., Grude v. Zurich North America*, Civ.No. 05-1583-AA, 2006 WL 1360942, *1-3 (D.Or. May 12, 2006); *Goddard v. Farmers Ins. Co. of Or.*, 344 Or. 232, 263-65, 179 P.3d 645 (2008); *Bennett v. Farmers Ins. Co. of Or.*, 332 Or. 138, 160-62, 26 P.3d 785 (2001); *see also, Georgetown*, 313 Or. at 110-111. In other words, unless and until the defendant insurer "assume[s] its contractual obligation to defend an insured," the requisite special relationship does not exist because the plaintiff still retains control over its monetary liability. *HTI Holdings, Inc. v. Hartford Cas. Ins. Co.*, Civ.No. 10-6021-AA, 2011 WL 6205903, *4 (D.Or. Dec. 8, 2011) (citation omitted); *Grude*, 2006 WL 1360942 at *2 (citation omitted). In this case, a special relationship does not exist because defendant merely refused to defend plaintiff against the underlying CERCLA action. *See Farris v. U.S. Fidelity & Guaranty Co.*, 284 Or. 453, 462-465, 587 P.2d 1015 (1978). Without a special relationship between the parties, no independent duty of care arose under the circumstances of this case.

Additionally, to the extent that plaintiff maintains that defendant's failure to defend is sufficient to entitle her to tort remedies, Oregon law does not allow first-party bad faith claims. That is, "an insurer's bad faith refusal to pay policy benefits to its insured sounds in contract and is not an actionable tort in Oregon." *Employers' Fire Ins. Co. v. Love It Ice Cream Co.*, 64 Or.App. 784, 791, 670 P.2d 160 (1983)

Next, contrary to plaintiff's assertion, the OECAA does not create an independent duty of care. While a statute can provide a "basis in law for liability," Oregon courts disfavor judicial establishment of a civil cause of action based on statute. *Boyer*, 344 Or. at 595; *See also, Id.* at 790;

4   - FINDINGS AND RECOMMENDATION

*Bob Godfrey Pontiac, Inc. v. Roloff*, 291 Or. 318, 329, 630 P.2d 840 (1981); *Burnette v. Wahl*, 284 Or. 705, 711, 588 P.2d 1105 (1978). Plaintiff has not cited to, and the Court is not aware of, any authority holding that the OECAA establishes a special relationship.[2] In any event, the plain language of these statutes does not support plaintiff's argument. *See* Or. Rev. Stat. §§ 465.478, 465.480. In fact, Or. Rev. Stat. § 465.480 specifically states that "[t]he rules of construction set forth in this section do not apply if the application of the rule results in an interpretation contrary to the intent of the parties to the general liability insurance policy." Or. Rev. Stat. § 465.480(7).

Finally, plaintiff's complaint does not make any reference to the OECAA as the basis for a special relationship. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) ("Generally, a district court may not consider any material beyond the pleadings in ruling on a 12 (b)(6) motion."). In fact, plaintiff wholly failed to plead the existence of a duty independent of the Contract. The only duties plaintiff references are defendant's duty to defend and the implied duty of good faith and fair dealing. Am. Compl. ¶¶ 15, 31. The complaint makes clear, however, that these duties exist "[p]ursuant to the Policy." *Id.* at ¶¶ 15, 30. Thus, even if tort remedies are available in the case at bar, plaintiff's claim fails at the pleading level. Therefore, defendant's motion should be granted.

## Recommendation

For the foregoing reasons, defendant's Motion to Dismiss (docket # 13) should be GRANTED and plaintiff's common law bad faith breach claim should be DISMISSED, without prejudice.

## Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due _July 11_, 2013. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review

---

[2] Further, Oregon has separate statutes that specifically govern insurance claims, which do not support a cause of action in tort. *See* Or. Rev. Stat. § 746.230(1)(f); *Employers' Fire Ins. Co.*, 64 Or.App. at 790 (citation omitted).

5    - FINDINGS AND RECOMMENDATION

of the Findings and Recommendation will go under advisement on that date.

DATED this 27th day of June, 2013.

_____
Patricia Sullivan
United States Magistrate Judge